AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Justin Ashenfelter)                    21-004

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>KHALIF BLACK<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  21-mj-82

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 16, 2020_____ in the county of _____Delaware_____ in the _____Eastern_____ District of _____Pennsylvania_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(B) | Distribution of 40 grams or more of fentanyl, that is, approximately 58.14 grams of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

/s/ Ethan Rog
_____
*Complainant's signature*

DEA SA Ethan Rog
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  1/19/2021

/s/ Elizabeth T. Hey
_____
*Judge's signature*

City and state:  Philadelphia, Pennsylvania

Hon. Elizabeth T. Hey, U.S. Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Ethan Rog, being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1.      Your affiant is a Special Agent ("SA") with the Drug Enforcement Administration ("DEA") and has been so employed since September 2017. Since March 2018, your affiant has been assigned to the DEA Philadelphia Field Division – Enforcement Group 21, which investigates the possession, distribution, and diversion of controlled substances. During your affiant's training at the DEA Academy in Quantico, Virginia, he received eighteen (18) weeks of narcotics investigative training. During your affiant's employment with DEA, he has participated in investigations into the unlawful importation, possession with intent to distribute, and distribution of controlled substances. Furthermore, your affiant has participated in numerous aspects of drug investigations including but not limited to: physical surveillance, electronic surveillance, debriefing of confidential sources, controlled purchases of controlled substances, court authorized interception of communications related to drug trafficking, the execution of search and arrest warrants, analysis of phone and financial records, and arrests of drug traffickers.  Your affiant has debriefed confidential sources, and other witnesses having extensive knowledge of the inner workings of major narcotics trafficking organizations.  Additionally, your affiant has spoken on numerous occasions with other experienced narcotics investigators concerning the methods and practices of drug traffickers and money launderers. Through these investigations, training and experience, and conversations with other law enforcement personnel, your affiant has become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking derived proceeds.  Your affiant is further

aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities. Prior to your affiant's employment with DEA, he served as a Police Officer and Detective in Hamburg, New York for approximately 6.5 years.

2.      This affidavit is made in support of a criminal complaint and arrest warrant against and for KHALIF BLACK, where there is probable cause to believe that BLACK knowingly and intentionally distributed 40 grams or more, that is, approximately 58.14 grams of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

3.      The information contained in this affidavit is based upon my personal knowledge and observations, the observations and personal knowledge of other law enforcement officers, and information provided to law enforcement officers.  Because this affidavit is submitted for the limited purpose of establishing probable cause, this affidavit does not set forth each and every fact known to me or other agents regarding this investigation. Where conversations are related herein, they are related in substance and in relevant part only.

**SUMMARY OF THE INVESTIGATION AND CRIME COMMITTED**

**A.  Background.**

4.      In July 2019, a reliable confidential source ("CS")[1] advised investigators that he/she was familiar with BLACK as a fentanyl distributor operating in the Delaware County area

---

[1] CS began cooperating with law enforcement after his/her arrest in 2019 on drug and firearms offenses. CS is currently cooperating for charging consideration in his/her current case. CS has provided investigators with information and has participated in operations which have subsequently led to the purchase and seizure of narcotics and the seizure of firearms. Additionally, much of the information provided by CS for this investigation and others has been independently corroborated by law enforcement through surveillance, information provided by other confidential sources, controlled purchases of narcotics, public and law enforcement database searches, and/or law enforcement reports.

of Pennsylvania. CS relayed to investigators that BLACK frequently sold quantities of "loose" fentanyl for approximately $60.00 per gram. CS gained this knowledge first-hand, having purchased fentanyl from BLACK previously. Furthermore, CS advised investigators that BLACK was a rap artist and ran a music studio in Upland, Pennsylvania. As described in more detail below, investigators subsequently identified the music studio as 601 Upland Avenue, Suite 220, Upland, Pennsylvania 19015 – a place where your affiant submitted that BLACK stored drugs and drug proceeds (the "STUDIO").

5.      During the investigation, investigators confirmed BLACK to be associated with the STUDIO. Specifically, a photograph on a social media account associated with BLACK contained a picture of a signed lease agreement from March 2018, for suite 220, at 601 Upland Avenue, Upland, Pennsylvania, 19015 (the STUDIO).  The guarantor line on the lease is signed by "KHALIF BLACK."

6.      In July 2019, October, and December 2020, agents submitted an administrative subpoena for utility customer information to PECO for 601 Upland Avenue, Suite 220, Upland, Pennsylvania 19015.  Agents received the following information from PECO:

> Customer Name: Khalif Black
> Premise Address: 601 Upland Avenue, STE 220, Brookhaven, PA 19015
> Primary Phone: (484) 485-3686
> Mailing Address: 1215 Keystone Street, Chester, PA, 19013

7.       Your affiant knows that BLACK utilizes 1215 Keystone Street, Chester, Pennsylvania, as his home address on his Pennsylvania driver's license.  During the course of this investigation, agents and officers instructed CS to contact BLACK in order to arrange for the purchase of drugs.  CS contacted BLACK at telephone number (484) 485-3686 ("TELEPHONE 1") to coordinate the transactions.

**B.  April 16, 2020 - Sale of fentanyl.**

8.      On April 16, 2020, CS contacted BLACK on TELEPHONE 1 and arranged for the purchase of fentanyl.  CS requested to purchase 30 grams of fentanyl and BLACK agreed to that amount.  At approximately 5:23 p.m., officers and agents observed BLACK at his apartment – Garrison Apartments, 505 W. 7th Street, New Castle, Delaware (the "RESIDENCE").  At that time, BLACK entered his vehicle and drove from the area, followed by surveillance. While driving, BLACK used TELEPHONE 1 to contact CS and informed CS that "he needed to go put it together." During this phone call, your affiant believes that BLACK was telling CS that he (BLACK) needed to go to a location where he kept the fentanyl for sale so that he could process it before meeting CS.  Surveillance units followed BLACK, who was travelling northbound from Delaware, and, at approximately 5:52 p.m., BLACK's vehicle was observed parking in the rear parking lot of the STUDIO in Upland, Pennsylvania.

9.      Prior to the meeting with BLACK, CS and CS' vehicle were searched for contraband and both searches were negative. The FBI provided CS with $1,800.00 to make the purchase.  CS was then followed to a Walmart parking lot located at 605 Conchester Highway, Upper Chichester, Pennsylvania, which was the agreed upon meeting location for CS and BLACK.

10.     At approximately 5:59 p.m., surveillance observed BLACK exit the main entrance for the STUDIO and re-enter his vehicle.  BLACK drove to the Walmart parking lot where he met with CS.  During their exchange, BLACK sold approximately 30 grams of fentanyl to CS in exchange for $1,800.00, as well as an additional 30 grams which BLACK "fronted" to CS with an agreement that CS would pay back BLACK on a later date. After the purchase, BLACK was

followed back to the STUDIO, where surveillance observed him exit his vehicle and re-enter the main entrance for the STUDIO.

11.     Agents and officers met CS after the meeting and took custody of the approximately 60 grams of fentanyl that BLACK had distributed to CS.  CS and CS' vehicle were searched again for contraband with negative results.  DEA agents later submitted the drug evidence to the DEA Northeast Regional Laboratory for analysis.  Laboratory results revealed that the purchased drug exhibit was approximately 58.14 grams of fentanyl.  This transaction was recorded and preserved as evidence.

**C.  May 4, 2020 – Payment for 30 grams of fentanyl.**

12.     On May 4, 2020, CS contacted BLACK to repay the drug debt from the "fronted" 30 grams of fentanyl that BLACK gave to CS on April 16, 2020.  Prior to their meeting, CS sent a text message to BLACK on TELEPHONE 1 and requested they meet at the Walmart parking lot in Upper Chichester, Pennsylvania.  BLACK responded: "come on."  CS was given $1,800.00 by agents and officers, who then followed CS to the Walmart parking lot.   CS later met with BLACK and paid him $1,800.00 to satisfy the drug debt.  This transaction was recorded and preserved as evidence.

**D.  January 19, 2021 – BLACK detained in Delaware**

13.     On January 15, 2021, DEA agents applied for a warrant to search BLACK's apartment in the Garrison Apartments, 505 W. 7th Street, Apartment 210-A, New Castle, Delaware (the RESIDENCE) based upon a finding of probable cause, which included the details of the April 16, 2020 fentanyl sale summarized above, in addition to other facts outlining more recent drug transactions between BLACK and CS as well as BLACK's connection to the RESIDENCE.  On that date, the Honorable Jennifer L. Hall, U.S. Magistrate Judge for the District of Delaware, issued a Search and Seizure Warrant for the

RESIDENCE (Case No. 21-10M, filed under seal).

14.     On January 19, 2021, at approximately 6:00 a.m., law enforcement agents executed the warrant at the RESIDENCE.  At the time of the search, BLACK was present inside of the RESIDENCE and detained.

## CONCLUSION

15.     Based on the foregoing, your affiant submits that there is probable cause to conclude that KHALIF BLACK has knowingly and intentionally distributed 40 grams or more, that is, approximately 58.14 grams of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).  Respectfully, your affiant requests that the Court endorse the accompanying Criminal Complaint and issue the Arrest Warrant for KHALIF BLACK.

I, having signed this affidavit under oath as to all assertions and allegations contained herein, state that it is true and correct to the best of my knowledge, information and belief.

/s/ Ethan Rog
Ethan Rog
Special Agent
Drug Enforcement Administration

SUBSCRIBED TO AND SWORN TO BEFORE ME
THIS 19TH DAY OF JANUARY, 2021

/s/ Elizabeth T. Hey
HON. ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF PENNSYLVANIA